HON. DANIEL KLEPAK Commissioner, Office of Drug Abuse Services
This is in response to your request for an opinion of the Attorney General as to whether the Ontario County Board of Supervisors may designate itself as the local agency responsible for the administration of a drug abuse treatment program within the provisions of Article 83 of the Mental Hygiene Law. You indicate that in the past, counties have named county governmental agencies, such as mental health boards, health departments or youth services agencies, as the agencies responsible for the conduct of the drug abuse programs.
Article 83 of the Mental Hygiene Law entitled "Local Drug Services Act" outlines the minimum requirements that a local drug abuse treatment program must meet to be eligible for special grants from the State. Article 83 requires that a local agency administer and conduct such treatment programs. Mental Hygiene Law, section 83.03(a) (2) defines "local agency" as "a local governmental unit established pursuant to article eleven of this chapter or a county governmental agency * * * designated as responsible for the drug abuse treatment program for such county * * *." (Emphasis added.)
It does not appear that a county board of supervisors is "a county governmental agency" contemplated by the above section. A board of supervisors is an elective body with such powers as are conferred upon it by the State Legislature. Its powers are exercised through local laws or resolutions duly adopted by the board (County Law, § 153).
Article 83 of the Mental Hygiene Law requires certain duties of the local agency designated to administer the treatment program. It must submit a comprehensive plan, describing in detail the services to be provided and estimated costs thereof, certify to the qualifications of any subcontractors proposed to perform various portions of the contemplated program and supervise the conduct of the program. (Mental Hygiene Law, §§ 83.05 and 83.09.)
It is highly doubtful that the Legislature intended that these duties of a professional nature be performed by a body whose powers must be exercised by local laws and resolutions. It is most probable that the Legislature contemplated that a local agency be one which is a full-time, staffed, professional unit, and not one that meets only periodically and whose members come from all walks of life.
Some indication of the type of agency contemplated by the Legislature is given by the nature of the other local government unit permitted by Article 83 to administer a drug treatment program, i.e., "a local governmental unit established pursuant to Article 11" [of the Mental Hygiene Law]. A governmental unit under Article 11 administers a broad range of services for all the mentally disabled in an area, including those suffering from alcoholism and mental retardation. A detailed plan is outlined in Article 11 whereby the local unit is headed by a full-time director who must be either a psychiatrist or other professional and has a board of directors some of whose members must be physicians or other professionals from the mental health field (Mental Hygiene Law, § 11.05 et. seq.). This would suggest that the Legislature contemplated that the county governmental agency would be of the same professional nature, at least to some degree.
In regard to your question as to whether or not the Board of Supervisors may designate itself as the local agency and then delegate the authority to administer the treatment program, I find nothing in Article 83 which would allow such a broad delegation of authority. The Article requires the local agency so designated to administer the program and be responsible for its conduct.
In view of the foregoing, I conclude that the Ontario County Board of Supervisors may not designate itself as the local agency responsible for the administration of a drug abuse treatment program within the provisions of Article 83 of the Mental Hygiene Law.